IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                          PETITIONER

v.                                    Civil No. 2:25-cv-02163-TLB-MEF

SHERIFF TOM HUGHES
(Johnson County Sheriff,
in his official capacity as custodian); and
STATE OF ARKANSAS                                                   RESPONDENTS

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This is a habeas petition filed pursuant to 28 U.S.C. A. § 2241.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court there is a Motion to Dismiss Plaintiff's Petition for Writ of Habeas Corpus by the State of Arkansas.  (ECF No. 11).

Jones filed his Petition on December 19, 2025.  (ECF No. 1).  Plaintiff petitioned this Court for *habeas* relief from the conditions of his pre-hearing release pursuant to 28 U.S.C.A. § 2241. Plaintiff named Defendant Hughes as the sole Respondent in the case.  Because the case implicated the State of Arkansas, the Court ordered service to both Hughes and the State of Arkansas.  (ECF No. 4).

In the Motion to Dismiss, the State of Arkansas argues that the State is an improper Defendant, and, as the matter is otherwise moot, the Court should dismiss Jones's Petition with Prejudice.  (ECF No. 11).  The State notes that Plaintiff pleaded guilty to criminal mischief in the first degree and criminal trespass in Case No. 36CR-23-330 on January 11, 2024.  Plaintiff was sentenced to a total of 72 months probation and ordered to have no contact with several victims. (*Id*. at 1).  In March and April 2024, the State subsequently petitioned to revoke Jones's probation

1

based on multiple violations of the no contact orders. (*Id*. at 2). On May 12, 2025, Jones pleaded guilty to the Amended Petition's allegations and was sentenced to 12 months imprisonment to be followed by 48 months of suspended imposition of sentence ("SIS"). (*Id*.). Plaintiff agreed to have no contact with several individuals and their families. (*Id*.).

On August 25, 2025, the State filed a petition to revoke Jones's SIS based on multiple violations of the no contact order. While awaiting his hearing, on October 15, 2025, the circuit court ordered Jones to be released on his own recognizance. (*Id*.). As part of the conditions of his release, he was ordered to have no contact with any victims identified in his SIS, and he was ordered to attend counseling and obtain employment. (*Id*.). By November 4, 2025, an amended petition was filed which alleged further violations of the no contact order. (*Id*.). On November 14, 2025, the circuit court included that, as part of his conditions of release, Jones was to have no further contact with the Prosecuting Attorney's office or its employees. (*Id*. at 2-3).

Plaintiff filed his Petition on December 19, 2025, challenging the October 15, 2025, and November 14, 2025, orders of the circuit court. (*Id*. at 3). On January 30, 2026, Jones's pleaded guilty to violating the conditions of his SIS and was sentenced to 48 months' imprisonment in the Arkansas Division of Correction ("ADC"). (*Id*.). He is currently awaiting transportation to the ADC in the Franklin County Detention Center. (*Id*.).

The State argues that, because Plaintiff's *habeas* petition was limited to challenging the conditions of his pre-hearing release, his petition became moot upon his plea and sentencing. They further argue that, due to his pleas and sentence, there is no reasonable expectation that he will be subject to the same action again. Thus, they argue dismissal with prejudice is appropriate because Plaintiff's Petition is moot. (*Id*. at 6).

The Court agrees. In general, a case becomes moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*,

455 U.S. 478, 481 (1982) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  A claim concerning pretrial conditions of release is moot after conviction.  *Murphy*, 455 at 478; *see also McKee v. Payne*, No. 4:21-CV-00910-KGB-JJV, 2021 WL 9409277, at *6 (E.D. Ark. Dec. 13, 2021), *R.&R. adopted*, No. 4:21-CV-00910-KGB, 2023 WL 6320187 (E.D. Ark. Sept. 28, 2023).  Further, due to Plaintiff's plea and sentence, there is no reasonable expectation that he will be subject to the same action again.

## CONCLUSION

For the reasons discussed above, it is RECOMMENDED that the Motion to Dismiss Plaintiff's Petition for Writ of Habeas Corpus by the State of Arkansas (ECF No. 11) be GRANTED and Plaintiff's Petition (ECF No. 1) be DISMISSED WITH PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of March 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3